**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4369-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LUIS FLORES, a/k/a
EDWIN RIVERA,

    Defendant-Appellant.

_____

Submitted January 24, 2022 – Decided February 4, 2022

Before Judges Fasciale and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 15-04-0223.

Joseph E. Krakora, Public Defender, attorney for appellant (Anthony J. Vecchio, Designated Counsel, on the brief).

Andrew J. Bruck, Acting Attorney General, attorney for respondent (Kaili E. Matthews, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Luis Flores appeals from an April 27, 2020 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant argues his trial counsel was ineffective during pre-trial proceedings and throughout the trial by not providing a Spanish interpreter and failing to argue defendant was intoxicated when he waived his Miranda[1] rights. Judge Anthony F. Picheca, Jr. entered the order and rendered a twenty-seven-page statement of reasons.

On appeal, defendant raises the following arguments:

> I.  THE PCR COURT ERRED IN NOT GRANTING DEFENDANT AN EVIDENTIARY HEARING WHERE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
>
> A. Trial Counsel Was Ineffective For Failing To Provide A Translator During His Discussions With Defendant And Failing To Discuss Trial Strategy And Other Concerns Defendant Had Before Trial.
>
> B. Trial Counsel Failed To Effectively Advocate For Defendant During The Pre-Trial Miranda Hearing.

We are unpersuaded by defendant's contentions and affirm substantially for the reasons expressed by Judge Picheca. We add these remarks.

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

A-4369-19

When a PCR judge does not hold an evidentiary hearing—like here—this court's standard of review is de novo as to both the factual inferences drawn by the PCR judge from the record and the judge's legal conclusions. State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016).

To establish a prima facie claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test enumerated in Strickland v. Washington, 466 U.S. 668, 687 (1984), which our Supreme Court adopted in State v. Fritz, 105 N.J. 42, 58 (1987). To meet the first Strickland/Fritz prong, a defendant must establish his or her counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S at 687. A defendant must rebut the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." Id. at 689. Thus, this court must consider whether counsel's performance fell below an objective standard of reasonableness. Id. at 687-88.

To satisfy the second Strickland/Fritz prong, a defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. A defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the

3

proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.  "[I]f counsel's performance has been so deficient as to create a reasonable probability that these deficiencies materially contributed to defendant's conviction, the constitutional right will have been violated."  Fritz, 105 N.J. at 58.

A defendant is only entitled to an evidentiary hearing when he or she has "presented a prima facie [case] in support of [PCR]," meaning a "defendant must demonstrate a reasonable likelihood that his [or her] . . . claim will ultimately succeed on the merits."  State v. Marshall, 148 N.J. 89, 158 (1997) (first alteration in original) (citation omitted) (first quoting State v Preciose, 129 N.J. 451, 462 (1992)).  A defendant "must do more than make bald assertions that he [or she] was denied the effective assistance of counsel" to establish a prima facie claim entitling him or her to an evidentiary hearing.  State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).  A defendant bears the burden of establishing a prima facie claim.  State v. Gaitan, 209 N.J. 339, 350 (2012).  We "view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie claim."  Preciose, 129 N.J. at 462-63.

Here, tried by a jury, defendant was convicted of first-degree robbery, N.J.S.A. 2C:15-1 (count one); and third-degree unlawful possession of a

4

weapon, N.J.S.A. 2C:39-4d (count two). The State's proofs demonstrated that defendant stole merchandise from a store. The storeowner witnessed defendant stealing products off the shelves in the store and blocked the exit while defendant attempted to leave. While the storeowner tried to call the police using his cellular phone, defendant grabbed it and fled. As defendant picked up some money he dropped near the store's exit, the storeowner shoved him and yelled for assistance while a neighbor assisted in pinning defendant down.

After defendant was read his Miranda rights in Spanish and being provided with a Miranda warning form written in Spanish, which he signed, defendant gave a statement to two police officers who were fluent in Spanish. Defendant's trial counsel moved to suppress defendant's statements to Lieutenant John Mazuera.[2] On December 9, 2015, a prior judge conducted a hearing on defendant's Miranda motion. Lieutenant Mazuera testified that during the interview, defendant was "coherent," "alert," "responsive to the questions being asked," and "did not appear to be under the influence of any narcotics [or] drugs."

---

[2] At the time of defendant's interview on April 1, 2015, Mazuera was a sergeant in the Bound Brook Police Department. He was promoted to the rank of lieutenant shortly before he testified at the Miranda hearing.

After considering the testimony, the Miranda form, and interview tapes, the prior judge found defendant "voluntarily," "knowingly and intelligently waived each and every one of [his] rights prior to making the statement." A memorializing order was entered on December 17, 2015. Coupled with the other proofs and testimony adduced at trial, the evidence against defendant was overwhelming. He was sentenced to an aggregate ten-year prison term and mandatory parole provisions of the No Early Release Act, N.J.S.A. 2C:43-7.2. We affirmed his convictions but remanded the matter for resentencing, ordering the merger of count two into count one. State v. Flores, A-0749-16 (App. Div. July 20, 2018) (slip op. at 30-31). On February 5, 2019, our Supreme Court denied defendant's petition for certification. State v. Flores, 236 N.J. 599 (2019).

Defendant filed a timely PCR petition, and his PCR counsel filed an amended petition alleging trial counsel was ineffective for: (1) failing to object to the admissibility of defendant's statement that was not translated by a court-appointed translator; (2) not providing a Spanish-speaking interpreter during their discussions; and (3) failing to argue defendant did not knowingly, intelligently, and voluntarily waive his Miranda rights because he was under the influence of drugs. The PCR judge denied the petition, including the request for

6

an evidentiary hearing, holding that defendant failed to establish a prima facie case of ineffective assistance of counsel.

Judge Picheca found there was "not a reasonable probability the results of the proceedings would have been different had defense counsel used a Spanish-[speaking] [i]nterpreter during pre-trial meetings" because defendant did not present "any useful information which would have surfaced during" their pre-trial meetings. The record further demonstrated that defendant "did understand the consequences of proceeding to trial," and did not ask questions or "indicate he was not advised of the consequences."[3] As to defendant's statement-translation claim, the judge found the lack of a court-appointed translator did not prejudice defendant because the translation was accurate and defendant "had every opportunity to cross-examine [the translator] during trial regarding her translation of the transcript, which his counsel did on his behalf."

Judge Picheca highlighted that we addressed this very issue in our July 20, 2018 decision. And, the judge determined defendant "voluntarily waived his [Miranda] rights, as he understood the nature of the interrogation and did not appear to be under the influence of drugs" based on the totality of the

---

[3] The record reveals that during the trial, defendant rejected the State's offer to plead guilty to second-degree robbery, which potentially could have reduced his sentence to five years' imprisonment.

circumstances. In reaching his decision, the judge credited Lieutenant Mazuera's testimony and the jail nurse's medical records from the date of the offense. Moreover, the judge emphasized defendant did not argue claims at the PCR hearing set forth in his pro se petition and concluded they lacked merit for consideration.

Except for his self-serving statements, defendant failed to provide certifications to demonstrate his trial counsel was ineffective. With respect to defendant's claim that trial counsel did not utilize a Spanish interpreter during pre-trial meetings, defendant does not specify any impact resulting from the absence of an interpreter. To the contrary, Judge Picheca found:

> A thorough review of the trial transcript indicates [defendant] did understand the consequences of proceeding to trial. Judge [Robert B.] Reed explained the consequences of rejecting the State's plea offer and going to trial on June 14, 2016. . . . [Defendant]'s responses do not indicate a lack of understanding regarding the consequences of proceeding to trial. [Defendant] failed to ask questions, nor did he indicate he was not advised of the consequences.

Moreover, the record shows defendant and his trial counsel admitted several times during the pre-trial and trial proceedings to conferring with each other off the record. Specifically, during the Miranda hearing, the prior judge permitted trial counsel and defendant to speak off the record at their request

twice. And, during the trial, while addressing defendant's right to testify, the trial court pointedly asked defendant, "[H]ave you had an adequate opportunity to discuss this issue with [trial counsel] so that as you stand here . . . comfortable and confident that you've been provided with sufficient information upon which to base this decision?" Defendant not only answered affirmatively, but his counsel confirmed they "had . . . several occasions to address that issue in preparation for this day." Put simply, defendant has not shown any useful information which would have surfaced during the meetings had an interpreter been used, or the purported impact value of such information.

Finally, defendant challenges trial counsel's alleged failure to argue defendant's Miranda waiver and statements to the police were not made voluntarily because he was under the influence of drugs. The record demonstrates otherwise. There is nothing in the record demonstrating that defendant was—as he now argues for the first time—under the influence during the police interrogation. The underlying issue is whether defendant voluntarily, intelligently, and knowingly waived his right against self-incrimination. State v. Knight, 183 N.J. 449, 461 (2005) (quoting Miranda, 384 U.S. at 444). When determining if a statement was made voluntarily, "[a] court must look at the totality of the circumstances, including both the characteristics of the defendant

and the nature of the interrogation." Id. at 462-63 (alteration in original) (quoting State v. Galloway, 133 N.J. 631, 654 (1993)).

The record shows defendant was not "highly under the influence at the time he gave his statement to police" so as to be incapable of waiving his Miranda rights. At trial, Lieutenant Mazuera testified he "did not detect or smell[] the odor of alcoholic beverage emanating from" defendant. Judge Picheca considered defendant's medical intake sheet from the Somerset County Jail on the day of the offense and noted defendant admitted to using drugs the day before. Although the nurse described defendant as "disheveled," "anxious," and at risk for withdrawal, the nurse reported he acted appropriately, spoke clearly, was able to focus, and did not appear under the influence of drugs or alcohol.

We reiterate from our prior opinion in the matter under review that "[t]he State's case was strong and essentially uncontradicted." Therefore, even if defendant's voluntary statements were suppressed, which in our view would not have happened, there is overwhelming evidence of guilt. Nevertheless, on this record, defendant knowingly, intelligently, and voluntarily waived his Miranda rights. There is no evidence that anyone pressured defendant to give a statement to the police.

A-4369-19

To the extent we have not addressed defendant's remaining arguments, we conclude that they are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4369-19